UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| C.E.W.P., a minor child, by and through his Mother and Next Friend, AMANDA PORTER CAIN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-18-1228-PRW |
| PONCA CITY INDEPENDENT SCHOOL DISTRICT I-71 a/k/a PONCA CITY PUBLIC SCHOOLS; SHELLY ARROTT, Superintendent, in her individual capacity; DAVID PENNINGTON, Superintendent, in his individual capacity; THAD DILBECK, Principal, in his individual capacity; BRET SMITH, Title IX Coordinator, in his individual capacity; KELBY GENE CROSS; and AVERY MARKUS KELLEN REVARD, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is a Motion to Dismiss Procedural Due Process Claim with Combined Brief in Support (Dkt. 20) filed on February 25, 2019, by the School District Defendants.[1] Plaintiff filed a Response (Dkt. 23) later that same day, and the School District Defendants filed a Reply (Dkt. 24) on March 4, 2019. For the reasons set forth below, the present motion (Dkt. 20) is denied, and the first Motion to Dismiss (Dkt. 11) is

---

[1] The School District Defendants include Independent School District No. 71 of Kay County, Oklahoma, Shelly Arrott, David Pennington, Thad Dilbeck, and Bret Smith.

deemed moot.

This is the second motion to dismiss filed by the School District Defendants.[2] In the first Motion to Dismiss (Dkt. 11), the School District Defendants asked the Court to dismiss (1) Plaintiff's procedural due process and Title IX claims for failure to state a claim upon which relief can be granted, (2) Plaintiff's official capacity claims against the school employees as duplicative of her claims against the School District, and (3) Plaintiff's claims against the Board of Education because it is not an independent legal entity subject to suit.

In response to the School District Defendants' first Motion to Dismiss (Dkt. 11), Plaintiff filed the Amended Complaint and Jury Demand (Dkt. 15). The Court hereby finds that the School District Defendants' first Motion to Dismiss (Dkt. 11) is now **MOOT** because an amended complaint was filed.[3]

According to the School District Defendants, the Amended Complaint mooted most of their first Motion to Dismiss (Dkt. 11), with the exception of their requested dismissal of Plaintiff's procedural due process claim.[4] They assert that, "[a]lthough the Amended Complaint no longer includes a separate numbered count containing the allegations related to the Plaintiff's procedural due process claim, that claim is nonetheless present in the

---

[2] David Pennington was not a party to the first Motion to Dismiss (Dkt. 11) because he had not been served at the time it was filed.

[3] *Mink v. Suthers,* 482 F.3d 1244, 1254 (10th Cir. 2007); *Moquett v. Town of Rock Island*, No. 6:14-cv-00531-RAW, 2015 WL 3952276, at *1 (E.D. Okla. June 29, 2015); *Sellers v. Holcomb*, No. 5:06-cv-01249-R, 2007 WL 4232712, at *1 (W.D. Okla. Nov. 28, 2007).

[4] Defs.' Mot. Dismiss (Dkt. 20) at 3.

Amended Complaint in substantially identical form . . . ."[5] Essentially, the allegations Plaintiff labeled as "Count VII Violation of Due Process" in the initial complaint—viewed by School District Defendants as Plaintiff's attempt to state a procedural due process claim—were relocated to "Count V 1983 Violation" in the Amended Complaint.[6] In the School District Defendants' view, this renaming of the claim didn't cure the claim's defect, i.e., that it was a procedural due process claim subject to dismissal. As a result, the School District Defendants filed their second Motion to Dismiss (Dkt. 20), asking the Court to dismiss Plaintiff's procedural due process claim in the Amended Complaint for failure to state a claim upon which relief can be granted.[7]

Plaintiff disagrees with the School District Defendants' view of her claims, explaining that "Count V relates to Plaintiff's *SUBSTANTIVE* Due Process rights."[8] She continues that the paragraphs that were relocated from Count VII of the initial Complaint (Dkt. 1) to Count V of the Amended Complaint (Dkt. 15) are part of a series of allegations that "set out facts sufficient to establish substantive due process claims."[9]

The Court agrees. Plaintiff has not brought a claim for a violation of C.E.W.P.'s procedural due process rights. Accordingly, the Court **DENIES** the School District Defendants' Motion to Dismiss Procedural Due Process Claim with Combined Brief in

---

[5] *Id*.

[6] *Compare* Pl.'s Compl. (Dkt. 1) ¶¶ 168–178, at 35–37, *with* Pl.'s Am. Compl. (Dkt. 15) ¶¶ 152–158, 160–162, 164, at 29–30.

[7] *Id*. at 3–4.

[8] Pl.'s Resp. (Dkt. 23) at 2.

[9] *Id*.

Support (Dkt. 20).

**IT IS SO ORDERED this 19th day of June, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE